Judge Owsley
delivered the opinion.
Tnis is au appeal from a judgment rendered against the appellees on a bond executed by Hawkins, as sheriff", together with the other appellees, as sureties.
’1 he writ issued in the name of the commonwealth, for the use and benefit of Ward; and the declaration, after setting forth the bond and condition, charges a breach in the failure of Hawkins, the sheriff, either by himself or deputy, to execute and due ieturn make of a fieri facias which issued from the clerk’s office of Bath county in the name of Nancy Downing, against Thos D Owjngs, §-c, and which is alleged to have been endorsed for the uSe and benefit of Ward, and delivered to the sheriff to be executed.
The appellants demurred to the declaration, but the demurrer was overruled, and without further defence, judg-rneut was recovered by the appellee.
'I bis court is of opinion, that the demurrer should have been sustained.
It should have been sustained, because, we think, the *340 deelaraf ion contains no averment from which Ward can be ' suPij0Si(' ,0 *>ave sustained such an injury as can authorise an action in his name. It is true, the action is brought in the name of the commonwealth, but the commonwealth, is alleged, in the writ, to sue for the use and benefit of Ward. Ward is, therefore, really and substantially the plaintiff in the writ, arid to enable him to maintain his action, be must shew such an injury as will authorise him to sustain an action in his own name. There can be no question. but the endorsement, alleged in the declaration to have beet) made ot> the execution, cannot have transferred the legal right to Ward; it at most passed but an equity, and that equity, according to well settled principles, cannot confer upon W ard a legal right to sue in his own name It is true, the act of the legislature of this country, under which tbe sherd)’s bond w as taken, provides, that suit may be prosecuted on a sheriff’s bond, by any person who may be injured by a breach of the condition. But the injury alluded to in the act, we apprehend, must be a lega!, and not an equitable injury. The remedy given by the act. is not. the only remedy which may be resorted to by the person agrieved — Without the act, any person, for a violation of his legal rights, might sustain an action against the sheriff; and by giving a remedy upon the bond, to those injured by a breach, as the remedy is merely cumulative, it cannot be supposed that the legislature intended to change the nature of the injury for which an action might be maintained, orto allow those vvho could not otherwise maintain an action in their own name, to sue upon the bond.
Crittenden for appellant. Bibb for appellee.
The judgment must be reversed with cost, the cause remanded to the court below and proceedings there had, not inconsistent with this opinion.